**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

WAYLON COGBURN                                              PETITIONER
ADC #133937

VS.                          CASE NO.: 5:14CV00267 BSM/BD

RAY HOBBS, Director,
Arkansas Department of Correction                          RESPONDENT

**RECOMMENDED DISPOSITION**

I.   **Procedures for Filing Objections**:

        This Recommended Disposition ("Recommendation") has been sent to Chief

United States District Judge Brian S. Miller.  Any party may file written objections to this

Recommendation.

        Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

        An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

        If no objections are filed, Judge Miller can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "statement of necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   <u>Background and Summary of Claims</u>:

Waylon Cogburn, an Arkansas Department of Correction ("ADC") inmate, filed this petition for writ of habeas corpus pro se under 28 U.S.C. § 2254. (#1 at p. 1) According to his petition, in 2006 Mr. Cogburn was convicted of sexual assault in the fourth degree, a class A misdemeanor. (*Id.*) In 2010, he was convicted of unlawful possession of a firearm and theft of property and is currently serving a fifteen-year sentence in the ADC for those offenses. (*Id.* at p. 2) Mr. Cogburn raises several claims in his habeas corpus petition.

In November, 2013, an ADC hearing officer found Mr. Cogburn guilty of four ADC disciplinary code violations and sentenced him to thirty days in punitive isolation, a reduction in classification, and a one-year reduction in good-time credit. (*Id.* pp. 5-7) Mr. Cogburn appealed the decision to ADC Director Hobbs, who denied the appeal. (*Id.* at p. 2) In this petition, Mr. Cogburn claims that he was denied due process at his disciplinary hearing because he was not allowed to call witnesses, introduce evidence, or prepare his defense. (*Id.* at pp. 2-3)

Mr. Cogburn also alleges that the parole board, which prior to the disciplinary proceeding had granted him parole with an expected release date of March 5, 2014,

changed his expected parole date to March 5, 2015, due to the loss of good-time credit.

He also claims that, after the disciplinary hearing, the parole board added the condition

that he register as a sex offender when paroled.  (#1 at p. 3)  Mr. Cogburn complains that

the added condition is contrary to a "contract" he entered into with the court that

convicted him of sexual assault.  Mr. Cogburn asserts that he is without a "legal remedy

to challenge the matter of his having to register as a sex offender," and that he is actually

innocent of sexual assault.  (#1 at pp. 3-4)  Mr. Cogburn also complains that because of

the "new stigma purportedly as a sex offender," he has to wait longer to go before the

classification board, a violation of  "ADC written policy."  (*Id*.)

Mr. Cogburn seeks:  (1) a hearing; (2) "remand" for a trial on the sexual assault

offense or for the Court to expunge the conviction or declare that he not be required to

register as a sex offender; (3) a declaration that his classification was taken without due

process; and (4) a declaration that the parole board cannot change the court order that said

he would not have to register as a sex offender.  (#1 at p. 4)

For the reasons explained below, the Court recommends that the petition be

dismissed without prejudice.[1]

---

[1]Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed – is appropriate where the petition itself, together with court records, show that the petitioner is not entitled to relief.  Rule 4, Rules Governing Habeas Corpus Cases.

**III.**   **Discussion**:

A.    Jurisdiction

The Court can entertain Mr. Cogburn's federal habeas corpus claims only if he complains that he is being held in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  If, on the other hand, he raises claims that do not challenge either the fact or length of his custody, then the Court lacks subject-matter jurisdiction over the claims and cannot grant the requested relief.  *Kruger v. Erickson*, 77 F.3d 1071, 1073-1074 (8th Cir. 1996).  Furthermore, in a habeas corpus action, the custody at issue is the confinement ordered in the original judgment of conviction, not confinement imposed as a result of a prison rule violation.  *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303 (2004).

Many of Mr. Cogburn's claims cannot be brought in a habeas corpus petition because they do not relate to the fact or length of his custody.  The Court lacks jurisdiction over those claims and they must be dismissed.

1.    Parole

Mr. Cogburn complains that the conditions under which the parole board has agreed to release him on parole were improperly changed.  Specifically, he complains that the parole board has added a requirement that he register as a sex offender as a condition of his release on parole.  Mr. Cogburn claims that he is without a "legal remedy to challenge the matter of his having to register as a sex offender," and that he is actually

innocent of the sexual assault charge.  (#1 at pp. 3-4)  He seeks a declaration from the Court that would prohibit the parole board from changing a previous court order declaring that he would not have to register as a sex offender.

In this claim for relief, Mr. Cogburn does not challenge the fact or the length of his confinement.  Rather, he challenges a condition of his expected parole.  The Arkansas Supreme Court has held that Arkansas's parole statute does not create anything more than a mere possibility of parole.  Arkansas statutes, therefore, do not establish any right to release on parole.  *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir.1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir.1984); *Robinson v. Mabry*, 476 F.Supp. 1022, 1023 (E.D.Ark. 1979); see *Board of Pardons v. Allen*, 482 U.S. 369, 378 n. 10 (1987).  Instead, Arkansas's statutes relating to parole place minimal limitations on the parole board's discretion.  Under the applicable statute, the parole board "may" release an individual on parole when, in its opinion, there is a reasonable probability that the person can be released without detriment to the community or himself.  ARK.CODE ANN. § 16-93-701(a)(1).

The Arkansas statutes also clearly provide for discretion on the part of the parole board in formulating "all policies, rules, and regulations regarding parole" setting conditions for parole, and in determining if or when a particular inmate will be paroled.  See *e.g.*, *id*. §§ 16-93-206(a)(1) & (4), (e)(1) & (f), 16-93-1302.  One factor to be

considered is "[i]nstitutional adjustment . . . including the nature of any disciplinary actions." See http://www.arbop.org/PolicyDocuments/ABPManual_rev092408.pdf.

The Arkansas Supreme Court has emphasized the broad discretion granted to the Board under the state's parole statutes. *Michalek v. Lockhart*, 730 S.W.2d 210, 211 (Ark. 1987); see *Dougan v. Ford*, No. 04-623, 2005 WL 2387576, *2 (Ark.Sup.Ct. Sept. 29, 2005)(unpub.)("If the conditions [set by the Board] are too onerous, appellant could decline to accept the conditions set, and elect to serve out his sentence instead."); see also *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007)(unpub.)(Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions, and prisoner did not have protectable liberty interest in having parole board follow its own hearing policy). In sum, an inmate has no constitutionally protected liberty interest in the *possibility* of parole. *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011).

Mr. Cogburn asks this Court to change the conditions under which he could be released on parole. There is obviously a difference between being in the free world under supervision (parole) and being confined in a prison 24-hours a day, seven days a week. But in both circumstances, an inmate is serving his or her sentence. Changing the conditions under which an inmate is released on supervision does not affect either the fact or length of his confinement. See *Swarthout v. Cooke*, __U.S.__, 131 S. Ct. 859, 862 (2011)(federal Constitution does not confer a right to be conditionally released before the expiration of a valid sentence); *Richmond v. Duke*, 909 F.Supp. 626, 631 (E.D.Ark.

6

1995).  Accordingly, the Court lacks jurisdiction to consider Mr. Cogburn's parole claims in a habeas corpus petition.

Even if the Court had jurisdiction over his parole-related claims, Mr. Cogburn has not established that he has exhausted state remedies related to these claims.  If a state procedure is available, it cannot be said that the exhaustion requirement of 28 U.S.C. § 2254 has been satisfied.

Here, Mr. Cogburn has not alleged that he has sought a writ of mandamus or declaratory judgment in the state courts to challenge the calculation or conditions of his parole eligibility.  See *Michalek v. Lockhart*, 292 Ark. 301 (1998)(utilizing procedure to challenge classification for parole purposes);  *Gilmer v. Massey*, 303 Ark. 634 (1990)(utilizing this procedure to challenge parole eligibility date); *Morris v. State*, 333 Ark. 466 (1998)(challenge to the recalculation of parole eligibility date).  Mr. Cogburn would have to first exhaust his state court remedies, even if this Court could consider his parole-related claims.

For these reasons, all of Mr. Cogburn's claims related to his anticipated parole should be dismissed, without prejudice, for lack of jurisdiction and exhaustion.  See  28 U.S.C. § 2254(b)(1).

> 2.    Punitive Isolation and Inmate Classification

Mr. Cogburn's punitive-isolation and inmate-classification claims cannot be heard in a habeas corpus action because they do not relate to either the fact or length of his

confinement.  For that reason, they should be dismissed, without prejudice, for lack

jurisdiction.[2]

        3.     Actual Innocence

Mr. Cogburn asserts that he is actually innocent of the 2006 sexual assault

conviction that is the basis on which he is being required to register as a sex offender.

The Court lacks jurisdiction to consider this actual innocence claim.  Because Mr.

Cogburn's petition can be considered only as to his current custody, that is, his

incarceration for possession of a firearm and theft of property.  He is not currently serving

time in prison for sexual assault, so the Court lacks jurisdiction to consider his claim of

actual innocence on a prior, unrelated conviction in this petition. *Muhammad*, 540 U.S. at

750.

---

[2] These claims relate to conditions of confinement–claims that, under some circumstances, can be brought under 42 U.S.C. § 1983.  In this instance, however, the allegations cannot support a § 1983 claim because prisoners do not have a constitutionally protected interest in avoiding the type of segregation imposed by a disciplinary hearing officer. *Portley–El v. Brill*, 288 F.3d 1063, 1065–1066 (8th Cir. 2002)(inmates have no constitutionally protected interest in avoiding temporary disciplinary segregation). Further, prisoners have no constitutional right to a particular classification. *Sanders v. Norris*, 153 Fed. Appx. 403 (8th Cir. 2005)(unpublished per curiam )(no constitutional right to a particular classification); *Hartsfield v. Dep't of Corr.*, 107 Fed. Appx. 695, 696 (8th Cir. 2003) (same).  For these reasons, categorizing or refiling these claims as 42 U.S.C. § 1983 claims would be of no avail to Mr. Cogburn.

B.      Due Process and Loss of Good Time Credit

Mr. Cogburn claims he was denied due process at his disciplinary hearing which resulted in a loss of a year of good-time credit.  He complains that he was not permitted to call witnesses, introduce evidence, or prepare his defense.[3]  (*Id.*)

Federal habeas corpus is the exclusive forum in the federal courts for claims challenging disciplinary decisions that result in the loss of good-time credits that affect the length of an inmate's confinement.[4]  *Portley-el*, 288 F.3d at 1066 (8th Cir. 2002).  To

---

[3]From the disciplinary documents attached to the Petition, it appears that Mr. Cogburn was notified of the disciplinary charges on November 12, 2013. (#1 at p. 5)  A hearing officer conducted a hearing on November 20, 2013, at which Mr. Cogburn was present, pleaded not guilty to the charges, and made a statement. (#1 at p. 6)  The hearing officer found Mr. Cogburn guilty of the charges based on a staff report, a statement from the charging officer, photos, copies of the letters and witness statements. (#1 at p. 7) The hearing officer issued a written decision explaining the evidence he relied on, the reason for his decision, and the punishment handed down.  (*Id.*)

[4]The Supreme Court of Arkansas has found that there is no liberty interest in the accumulation or loss of good-time credits under Arkansas law.  *McKinnon v. Norris*, 366 Ark. 404 (2006);  *Koontz v. Norris*, 2008 WL 2310973 (Ark. 2008).  Its reasoning is that the accumulation or loss of good-time credit does not affect the length of a sentence, but rather, determines only the location and conditions under which the sentence will be served.  *McKinnon*, 231 S.W.3d at 729-730.  Instead of reducing the term of a prisoner's sentence, Arkansas's good-time statute reduces the time an inmate must serve in prison before becoming eligible for transfer, including parole.  It is settled law that an inmate has no liberty interest in the *possibility* of parole.  *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011).  So, it is questionable whether Mr. Cogburn's loss of good time credits actually affects the length of his confinement.  See *Smith v. Hobbs*, Case No. 5:13CV224, docket entry #13 (E.D.Ark. dismissed January 8, 2014)(Arkansas Supreme Court's decision in *McKinnon* forecloses a due process claim regarding revocation of good time credits).

properly challenge his disciplinary conviction resulting in a loss of good-time credits,

however, Mr. Cogburn must first exhaust his state court remedies.  See 28 U.S.C.

§ 2254(b)(1).  Mr. Cogburn may do so by filing a petition for writ of mandamus or for

declaratory judgment in the circuit court of the county where he is incarcerated.  ARK.

CODE ANN. §§ 16-115-101, *et seq*. and 16-111-101, *et seq*.; see also *Graham v. Norris*,

340 Ark. 383, 384 (2000); *Duncan v. Bonds*, 337 Ark. 306, 307 (1999).  If the circuit

court does not grant Mr. Cogburn relief, he can appeal to the Arkansas Supreme Court.

And if the Arkansas Supreme Court affirms the circuit court's denial of relief, Mr.

Cogburn can then file a petition for writ of habeas corpus in federal court.

## IV.    Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a

certificate of appealability.  See Rule 11 of the Rules Governing Section 2254 Cases in

the United States District Court.  The Court can issue a certificate of appealability,

however, only if Mr. Cogburn has made a substantial showing that he was denied a

constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  In this case, Mr. Cogburn has not

provided a basis for issuing a certificate of appealability.  Accordingly, a certificate of

appealability should be denied.

## V.    Conclusion:

The Court recommends that Mr. Cogburn's claims related to parole eligibility,

inmate classification, punitive isolation, and actual innocence be summarily dismissed,

without prejudice, for lack of jurisdiction.  These claims do not challenge the length or

validity of his confinement based on his convictions for possession of a firearm or theft of

property.

The Court further recommends that Mr. Cogburn's claim that he was denied due

process at his disciplinary hearing resulting in the loss of good-time credit also be

dismissed, without prejudice, for failure to exhaust his state law remedies.

DATED this 29th day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE